UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG GAETANI,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID J. HADLEY and<br>SUSAN E. MCMAHON,<br><br>  Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil No. 14-30057-MGM<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER REGARDING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
(Dkt. No. 41)

February 12, 2016

MASTROIANNI, U.S.D.J.

### I.     INTRODUCTION

Craig Gaetani ("Plaintiff") brings this case against Massachusetts Trial Court Officers David Hadley and Susan McMahon ("Defendants"). The case arises out of an incident during which Defendants are alleged to have seized and injured Plaintiff while he was attempting to enter a courtroom at the Berkshire District Court. The court previously ruled on Defendants' motion to dismiss Plaintiff's original complaint, dismissing certain claims without prejudice and allowing others to go forward. (Dkt. No. 28, Mem. & Order ("Original M&O").)

Plaintiff's amended complaint brings five counts. (Dkt. No. 40, Am. Compl.) Counts III and V survived the prior motion to dismiss. Count III is a claim under 42 U.S.C. § 1983 for a violation of Plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures, and Count V alleges common law assault and battery. Counts I, II, and IV are supplemented versions of claims that were previously dismissed without prejudice. Count I is a § 1983 claim for violation of Plaintiff's right to freedom of speech, Count II is a § 1983 claim for violation of Plaintiff's right to

1

petition the government, and Count IV is a claim under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 §§ 11H and 11I ("MCRA"), that Defendants interfered with Plaintiff's constitutional rights by threat, intimidation, or coercion. Defendants filed a motion to dismiss the entire amended complaint (*see* Dkt. No. 41), although they concede that their motion to dismiss Counts III and V is only made in order to preserve their rights on appeal. For the reasons set forth below, the court allows Defendants' motion to dismiss Counts I and II, but denies Defendants' motion to dismiss Counts III, IV, and V.

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief" is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Courts are not required to accept as true allegations in a complaint that are legal conclusions. *Id.* at 678. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Therefore, in assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. *See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá*, 687 F.3d 465, 471 (1st Cir. 2012).

### III. FACTS AND DISCUSSION

The Original M&O describes the facts alleged in Plaintiff's original complaint. (*See* Dkt. Nos. 1, 28.) The court need not reiterate the facts at length, but will briefly summarize them here. Plaintiff attended the civil session of the Berkshire District Court to pursue a claim against a party who was in jail at the time. After receiving instruction from the judge and leaving the courtroom, Plaintiff attempted to go back into the courtroom to seek clarification on the judge's order. As Plaintiff neared the courtroom, Defendants detained him. Mr. Hadley twisted Plaintiff's right arm up behind his back, tearing his rotator cuff and tendons, while Ms. McMahon held Plaintiff by his left arm. As a result of Defendants' actions, Plaintiff suffered serious physical injury and was prevented from completing what he set out to do in the courtroom. Plaintiff's amended complaint sets forth additional facts, most of which are specifically relevant to particular claims. As such, the court will address the newly alleged facts as needed in evaluating the amended claims in Counts I, II, and IV.

#### A.   Count I – Freedom of Speech

Count I is a claim under 42 U.S.C. § 1983 for violation of Plaintiff's right to freedom of speech. The court dismissed Count I in its original form without prejudice for having insufficient factual support. Plaintiff's amended complaint states he was entering the courtroom to speak to the judge, if the judge was on the bench, in order to clarify the judge's order. If the judge was not on the bench, Plaintiff was planning to ask a court officer or clerk to see if the judge would clarify his order. (Am. Compl. ¶ 17.) Plaintiff was behaving normally and did not encounter anyone while walking toward the courtroom, and he was not causing a disturbance or violating any court rule at the time he entered the courtroom. (*Id.* ¶¶ 15, 18.) Plaintiff was halfway into the courtroom when Defendants, without any warning or other interaction, accosted him. (*Id.* ¶¶ 19-21.) Thus, Defendants "prevented the Plaintiff from engaging in speech with court officers, judicial officials and the judge." (*Id.* ¶ 33.)

The court construed Count I in its original form to be a First Amendment retaliation claim, which requires Plaintiff to show he engaged in constitutionally protected conduct, he was subjected to an adverse action by Defendants, and "the protected conduct was a substantial or motivating factor in the adverse action." *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 43 (1st Cir. 2012). According to the Original M&O, Plaintiff's original complaint did not "put forth sufficient information to permit the inference that Defendants were even aware of Plaintiff's interactions with the court, the clerk's office, or his plan to readdress the matter with the Judge," thereby failing to meet the "substantial or motivating factor" prong of the retaliation standard. (Original M&O at 7.) While Plaintiff's amended complaint asserts that he intended to exercise his right to free speech by communication with the court and alleges that Defendants' conduct prevented him from doing so, he still does not allege additional facts permitting an inference that Defendants were aware of his plan to communicate with the judge. Therefore, when viewed through the lens of a retaliation claim, the amended version of Count I must still fail.[1]

Plaintiff has also restyled Count I to be for a more general deprivation of freedom of speech, instead of retaliation, but this does not ultimately change the outcome. The precise nature of the restyled cause of action is somewhat difficult to ascertain. In his opposition to Defendants' motion to dismiss, Plaintiff attempts to characterize this as an instance of "prior restraint" of protected speech, which carries a heavy presumption of unconstitutionality. (Dkt. No. 46, Pl.'s Mem. Opp. Defs.' Mot. to Dismiss ("Pl.'s Mem."), at 5-6.) According to the Supreme Court, "[t]he term prior

---

[1] Plaintiff's memorandum opposing Defendants' motion to dismiss includes a freestanding quotation, without including a citation, asserting that he need only allege that Defendants' actions were "capable of deterring a person of ordinary firmness from exercising his or her right[s]." (Dkt. No. 46, Pl.'s Mem. Opp. Defs.' Mot. to Dismiss, at 6.) This language apparently comes from a line of cases in the Sixth Circuit Court of Appeals and is part of the "adverse action" element of that circuit's standard for defining First Amendment retaliation. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). As such, even if Plaintiff were able to satisfy this element, he would still be making a retaliation claim, which would fail because of his inability to satisfy the "substantial or motivating factor" element.

restraint is used to describe administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (internal marks and citation omitted). Commentators have noted that, "[i]n practice, most prior restraints involve either an administrative rule requiring some form of license or permit before one may engage in expression, or a judicial order directing an individual not to engage in expression, on pain of contempt." 2 Rodney A. Smolla, *Smolla and Nimmer on Freedom of Speech* § 15:1 (2015) (internal notes omitted). These conceptions of prior restraint are focused on judicial orders and governmental regulations, and Plaintiff's claim does not fit into these rubrics. "Only a rare prior restraint acts in a direct physical sense to prevent speech." *Id.* While such rare cases certainly exist, Plaintiff's amended complaint fails to allege facts showing that Defendants were aware of his intentions to speak with a courtroom official, so he has not plausibly alleged that they were acting to prevent speech. As such, the amended complaint does not contain factual allegations sufficient to permit an inference that Defendants imposed a prior restraint on Plaintiff's speech.[2] The fact that Defendants took actions that led to Plaintiff being unable to speak to a courtroom official, which is all that can reasonably be inferred from the amended complaint, is insufficient to state a claim.

      Plaintiff has not pointed to any cases in which physical force, without some sort of knowledge of the intended First Amendment activity, resulted in a finding of a prior restraint. Instead, Plaintiff analogizes from a number of cases that ultimately prove inapposite. Plaintiff first cites to *Glik v. Cunniffe*, 655 F.3d 78, 83 (1st Cir. 2011), a case in which defendant police officers were found to have violated the plaintiff's First Amendment rights when they prevented the plaintiff

---

[2] It is conceivable that the court could draw the inference that Defendants were in the courtroom when Plaintiff first received instruction from the judge, and that they should have known Plaintiff was returning to speak to the judge when he entered the courtroom for a second time. But the factual allegations in the amended complaint do not provide a basis for the court to draw such an attenuated inference.

5

from videotaping them in a public space. In *Glik*, the First Circuit found that it would have been clear to the defendants that the plaintiff was engaging in conduct protected by the First Amendment, and the plaintiff was doing so in a public park, which is a traditional public forum. *Id.* at 82-84. In this case, as discussed above, Plaintiff fails to allege that Defendants were even aware of his intentions to speak with a courtroom official. Moreover, the incident in this case took place in a courtroom, which is a nonpublic forum to which the public has access. *See, e.g., Haas v. Monier*, No. NH CA 08–169 MML, 2009 WL 1277740, at *8 (D.N.H. Apr. 24, 2009). (*See also* Pl.'s Mem. at 7 n.3 (conceding that a courtroom is a nonpublic forum).) The *Glik* case is thus distinguishable on these critical points.

Plaintiff also cites to cases in which statutes or other governmental regulations designed to prevent the exercise of planned acts of speech were found to be impermissible prior restraints. *See Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558-59 (1975) (involving municipal board's rejection of a license to perform a potentially offensive play in a municipal theater); *Seattle Affiliate of Oct. 22nd Coal. to Stop Police Brutality, Repression & Criminalization of a Generation v. City of Seattle*, 550 F.3d 788, 794-97 (9th Cir. 2008) (relating to municipal permits and police action designed to restrict previously announced protest parade on city streets). These cases fit into the typical fact patterns of prior restraint cases. In each case, it was clear that the governmental decisions were made in order to restrain specific acts of speech that had already been planned and announced. Because Plaintiff does not sufficiently allege that Defendants took action to prevent specific acts of speech, or that Defendants were even aware of his intention to engage in protected speech, the cases cited are readily distinguishable.

Finally, Plaintiff cites two cases for the proposition that he had "the right to enter [the courtroom] to speak and petition unless he misbehaved or the courtroom was closed." (Pl.'s Mem. at 7.) This proposition relates more to Plaintiff's asserted right to access the court than to his

asserted right to freedom of speech. And a reading of the cases confirms that they involve the public's First Amendment right of access to ongoing judicial proceedings, and do not bear on Plaintiff's exercise of speech rights under the First Amendment. *See Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 21-22 (2d Cir. 1984) (discussing the First Amendment right of public access to courtrooms while affirming order prohibiting video recording of federal court proceeding); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (holding that public and press have a First Amendment right of access to civil proceedings). Thus, these cases do not help Plaintiff's freedom of speech claim. For these reasons and the others set forth above, Count I must be dismissed.

### B. Count II – Right to Petition

Count II is a claim under 42 U.S.C. § 1983 for violation of Plaintiff's right to petition the government. The original version of Count II was a claim for denial of the "right to access" the courts, and the amended complaint restyles Count II as a claim for denial of the "right to petition." But this change does not prove substantive, because the allegations contained in the amended Count II still frame Plaintiff's petitioning activity as speaking to the court. (*See* Am. Compl. ¶ 36 ("The particular petitioning activity in which the Plaintiff was engaged was to request the presiding judge to clarify an order of the court.").)[3] Thus, to the extent that Count II is not the same as the freedom of speech claim in Count I,[4] the court has not been shown any other framework besides denial of access under which it may treat the claim.

---

[3] Moreover, while noting that "the basis of the constitutional right of access to courts" is "unsettled," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), the Supreme Court has suggested that it may derive from the right to petition. *See id.* at 415 n.12 ("The right of access to courts" has been grounded in various constitutional clauses, including the "First Amendment Petition Clause.").

[4] Plaintiff's opposition memorandum largely conflates the right to freedom of speech with the right to petition. (*See, e.g.,* Pl.'s Mem. at 6-7 ("Plaintiff's allegations . . . demonstrate that the Defendants physically prevented him from entering the courtroom to speak and to petition. . . . Plaintiff's removal frustrated his ability to engage in speech and to petition the court.").)

Claims for denial of access fall into two general categories that can be described as forward-looking and backward-looking. Forward-looking claims are "claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). The "essence" of such claims "is that official action is presently denying an opportunity to litigate." *Id.* Because Plaintiff has not alleged facts showing that Defendants are currently preventing him from litigating his underlying case, the forward-looking theory is unavailable to him. He must therefore rely on the backward-looking theory. Backward-looking claims assert that, due to "official acts" in the past, "specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414 (internal notes omitted). In a backward-looking case (as in forward-looking cases), "the underlying cause of action . . . is an element that must be described in the complaint." *Id.* at 415; *see also id.* at 416 ("[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."). "[T]he allegations of the complaint must be sufficient to identify a 'nonfrivolous,' and 'arguable' underlying claim." *McIntyre v. United States*, 336 F. Supp. 2d 87, 133 (D. Mass. 2004) (quoting *Harbury*, 536 U.S. at 415). Additionally, in backward-looking cases, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Harbury*, 536 U.S. at 415; *see also McIntyre*, 336 F. Supp. 2d at 133.

In applying these principles and dismissing the original version of Count II without prejudice, the court noted Plaintiff's original complaint did not "identify (1) the particular claim that Plaintiff was pursing; (2) the unique remedy (relating to the litigation in question) that he desires; nor (3) facts from which this court might be able to infer that the underlying claim had merit." (Original M&O at 8.) In seeking to remedy this defect, the amended complaint clarifies that Plaintiff was pursuing a claim "for money damages resulting from a debtor defaulting on a debt." (Am. Compl. ¶

8

8.) Given the standards of pleading at this stage, and drawing all reasonable inferences in Plaintiff's favor, the amended allegations give rise to a plausible inference that the underlying claim was not frivolous and had merit. Nevertheless, Plaintiff's amended allegations do not identify a remedy that is no longer available in a future suit that may be brought. Therefore, Count II must also be dismissed.

      **C.    Count IV – MCRA**

Count IV is a claim under the MCRA that Defendants interfered with Plaintiff's constitutional rights by threats, intimidation, or coercion. The version of Count IV in Plaintiff's original complaint simply reiterated the elements of an MCRA claim by alleging that Defendants had deprived him of constitutional rights through threats, intimidation, or coercion. The court dismissed the claim without prejudice, noting that Plaintiff had failed to identify the rights at issue or articulate how Defendants violated such rights by threats, intimidation, or coercion. (Original M&O at 12-13 & n.11.) In the amended complaint, Plaintiff identifies the rights as (1) the right to obtain justice freely, completely, and promptly under the Massachusetts Constitution; (2) the right to be free from unreasonable searches and seizures under the United States and Massachusetts Constitutions; and (3) the right of free speech under the United States and Massachusetts Constitutions. (Am. Compl. ¶¶ 46-50.) At the very least, given that Plaintiff's claim of an unreasonable search and seizure in Count III is moving forward, his claim of an unreasonable search and seizure in connection with Count IV sufficiently identifies a right at issue.

Plaintiff supplements his factual allegations as follows. With respect to threats and intimidation, Plaintiff states Defendants "intentionally exerted physical pressure upon the Plaintiff to make him fearful or apprehensive of injury or harm" and "put the Plaintiff in fear" in order to prevent him from entering the courtroom. (*Id.* ¶¶ 43-44.) With respect to coercion, Plaintiff alleges Defendants "applied physical force to the Plaintiff to constrain him to leave the courtroom against

9

his will without having the opportunity to clarify the judge's order." (*Id.* ¶ 45.) Additionally, Plaintiff alleges he was "half in and half out" of the courtroom when Defendants grabbed him. (*Id.* ¶ 19.) Plaintiff also states he initially said, in substance, "[w]hat are you doing?" According to Plaintiff, after he felt the pain caused by Defendants' actions, he said, "[y]ou've broken my shoulder." (*Id.* ¶ 22.) Defendants correctly point out that paragraphs 43 through 45 of Plaintiff's amended complaint essentially reiterate the definitions of "threat," "intimidation," and "coercion" under the MCRA. Nevertheless, the court finds Plaintiff has alleged sufficient facts to make out a plausible claim of coercion.

Coercion means "application of physical or moral force to another to constrain him to do against his will something he would not otherwise do." *Goddard v. Kelley*, 629 F. Supp. 2d 115, 128 (D. Mass. 2009) (citing *Planned Parenthood League of Mass., Inc. v. Blake*, 631 N.E.2d 985, 990 (Mass. 1994)). While Plaintiff's allegation that Defendants "applied physical force to the Plaintiff to constrain him to leave the courtroom against his will without having the opportunity to clarify the judge's order" parrots the definition of "coercion" (*see* Am. Compl. ¶ 45), it is also based on supplemental facts alleged elsewhere in the amended complaint. For example, Plaintiff alleges that he was halfway into the courtroom when Defendants accosted him and that they ignored his cries of confusion and pain as they removed him. (*Id.* ¶¶ 19, 22.) In short, Plaintiff's allegation that he was attacked by Defendants and removed from the courtroom is sufficient to make a claim that he was constrained against his will by physical force to do something he would not otherwise do. (*See id.* ¶¶ 19-24.) Therefore, Count IV survives the motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 41) is ALLOWED with respect to Counts I and II, and DENIED with respect to Counts III, IV, and V.

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge